PONDER, Justice.
The defendant, Douglas Johnson, was convicted of breaking and entering in the night time with intent to steal and sentenced, on July 11, 1941, to serve a term of ten years in the State Penitentiary. After the conviction and sentence, he was *269 charged by information with being a second offender. It was alleged in the hill of information that the defendant had been convicted of a prior crime of petty larceny of the sum of $100 in the City of New York and sentenced to serve an indefinite term in the New York City Penitentiary, which crime if committed in this State would he a felony. It was further alleged in the hill of information that the defendant should be sentenced in conformity with the provisions of Act No. 15 of 1928. The defendant moved to quash the hill of information on the ground that Act No. 15 of 1928 was not applicable to his case, and that, if Act No. 15 of 1928 should be held applicable to his case, it was violative of certain provisions of the State and Federal Constitutions. The lower court sustained the motion to quash, and the State has appealed. The defendant has moved to dismiss the appeal. The motion to dismiss the appeal is based on various grounds, among which is that Act No. 15 of 1928 is not applicable to this case. It is alleged that Act No. 15 of 1928 is repealed by Act No. 45 of 1942.
Act No. 15 of 1928 provides for the prosecution, conviction and sentence of second offenders. At the general session of the Legislature of 1942 an act dealing with this subject matter was passed, Act No. 45 of 1942, wherein it is provided in Section 5 that Act No. 15 of 1928 is repealed. During the session of the Legislature of 1942, another act, Act No. 35 of 1942, was passed, the title and Section 1 which read as follow's:
“Prescribing the effect of the repeal or expiration of statutes in relation to any penalty, forfeiture or liability, civil or criminal, incurred thereunder.”
Section 1. “Be it enacted by the Legislature of Louisiana, That the repeal of any statute shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such statute unless the repealing act shall expressly so provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.”
The defendant takes the position that since Act No. 15 of 1928 was repealed without a savings clause he cannot be subjected to the penalty of a second offender. He further contends that Act No. 35 of 1942 and Act No. 45 of 1942 are in hopeless conflict, and, such being the case, Act No. 45 of 1942, which deals with the common subject matter in a minute and particular way, will prevail over Act No. 35 of 1942, a statute of a more general nature. He argues that the legislative intent expressed in Act No. 45 of 1942 will prevail over any implication that can he gathered from the general statute when both were approved contemporaneously. He also sets forth various constitutional grounds why Act No. 15 of 1928 is not applicable to this case. The questions presented in the motion to dismiss as well as those raised in the motion to quash address themselves to the merits of the appeal.
We first consider whether or not Act No. 15 of 1928 is applicable under the facts alleged in the bill of information.
The State, in its brief, concedes that the prior crime which the defendant is charged with having committed in New York is der nominated under the laws of New York as petty larceny, and that under the laws of that State such a crime is referred to as a misdemeanor.
The offense the defendant was convicted of in the City of New York is a misdemeanor under the laws of New York. However, it is alleged that if the offense was committed in this State it would be a felony. We have not heretofore passed directly on the question of whether a person can be sentenced as a second offender when the first offense was a misdemeanor committed in another state, which if committed in this State would be a felony.
From an analysis of Act No. 15 of 1928, and Act No. 16 of 1928, dealing with the same subject matter, both passed at the same session of the Legislature, the statutes undoubtedly pertain only to convictions of felonies. Under the provisions of Act No. 15 of 1928, a second offender is one who has been convicted of a prior felony in this State or one who has been convicted under the laws of any other state, government or country of a crime which if committed within this State would be a felony.
The word “crime” has not been precisely defined in this State as being either a felony or including felonies and misdemeanors. It might refer to either or both. In a general sense the word “crime” might mean any offense of a deep and more atrocious nature as distinguished from smaller *270 offenses known as misdemeanors. Words and Phrases, Perm.Ed., vol. 10, pp. 458 and 459.
In order to determine what meaning the Legislature intended to give the ■word “crime” in these statutes, Act No. 15 and Act No. 16 of 1928, the provisions of the statutes must be examined and a meaning given to the word “crime” consistent with that intent.
Act No. 15 of 1928 provides for the punishment of those convicted of “such second offense.” This undoubtedly contemplates the conviction of a second felony. There could not be a conviction of a second felony if the first conviction was for a misdemeanor. This statute also provides that “if the subsequent felony is such that, upon a first conviction, the offender would be punishable,” etc. No doubt the intendment was the convictions of felonies in other states as well as the convictions of felonies in this State. If the Legislature intended otherwise, some words other than “subsequent felony” would have been used. It does not provide that if the “subsequent crime is such,” or the “subsequent offense is such,” but provides the “subsequent felony is such,” etc. Further on in the statute where third offenses are treated, this language is use'd: “upon a third conviction for a felony.” In order to give effect to all the language used in the statute, the conclusion is inescapable that the Legislature intended that the prior conviction of an offense in another state must be of a felony under the laws of that state as well as a felony under the laws of this State.
Act No. 16 of 1928, passed at the same session of the Legislature, provides a method for proving prior convictions. This act significantly limits the power of certification of offenses committed in other states to certain officials of State prisons and penitentiaries and makes no provision whatever for any certification by officials or officers of municipal or parish jails. Since this statute only provides a method of ■proving the prior conviction of those who have served in state prisons or penitentiaries or, in other words, those convicted of felonies, the Legislature evidently intended that these statutes would apply only to convictions of felonies. If it had intended otherwise, the Legislature would have embraced in the statute municipal and parish or county jails or prisons.
The defendant having been convicted of only a misdemeanor- in the State of New York, the Act, Act No. 15 of 1928, would not be applicable. Having arrived at this conclusion, no purpose could be gained in discussing the other issues raised herein.
For the reasons assigned, the judgment is affirmed.
HAMITER, J., absent.
ODOM, J., takes no part.