352 So.2d 191 (1977)
STATE of Louisiana
v.
David SINGLETON.
No. 59685.
Supreme Court of Louisiana.
November 14, 1977.
*192 William J. O'Hara, III, Supervising Atty., Loyola Law School Clinic, New Orleans, Charles Gould, Student Practitioner, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Donald T. Giglio, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
On the afternoon of October 6, 1976, a policeman stopped a car driven by defendant David Singleton for a traffic citation on Poland Avenue in the City of New Orleans. A passerby, seeing the stopped automobile, recognized the car as one stolen from his stepfather three days before. The passerby gave this information to the ticketing officer who checked the car registration and then arrested defendant Singleton and his passenger, Willard Walker. Walker and Singleton were later tried together on the charge of possession of stolen property, "to-wit: a 1969 Dodge automobile of the value of Six Hundred ($600.00) Dollars." Walker was acquitted, and Singleton was found guilty as charged. He was sentenced as a third offender under R.S. 15:529.1 to serve fifteen years at hard labor. Singleton appeals his conviction and sentence on the strength of three assignments of error.

ASSIGNMENT OF ERROR NO. 1
Defendant argues that the trial court committed reversible error when it overruled his motion for severance of the cases against the two defendants. This motion was made on the contention that the defenses of the two defendants would be antagonistic because each planned to claim that the car was actually in the possession of the other. Specifically, it was asserted that each defendant intended to testify that the other had offered him a ride in the car. The trial judge denied the motion for severance.
Defendant argues that the court's ruling prejudiced him because the presence of the antagonistic defenses and the single trial of the two defendants had a "chilling effect" on his right to testify in his own behalf. On the day of trial the state notified defendants that it had statements made by each defendant and that it intended to use them at trial. Defendant argues that this reality, coupled with the knowledge that his taking the stand to accuse his co-defendant would prompt a similar accusation against himself, unfairly restricted his right to take the stand in his own defense.
Our statutory law requires that "[j]ointly indicted defendants shall be tried jointly unless . . . the court . . . is satisfied that justice requires a severance." C.Cr.P. art. 704. There is no more classic situation of the need for a severance than one in which two co-defendants each place the blame for a crime on the other. State v. Thibodeaux, 315 So.2d 769 (La. 1975); State v. Birbiglia, 149 La. 4, 88 So. 533 (1921). However, a mere allegation that a co-defendant intends to accuse the other does not automatically require severance. State v. Hunter, 340 So.2d 226 (La. 1976). Instead, co-defendants seeking severance must present evidence of actual antagonism. State v. Jenkins, 340 So.2d 157 (La.1976); State v. Medlock, 297 So.2d 190 (La.1974). The trial judge's decision to disallow a severance under Article 704 is a discretionary one which will not be upset by this Court absent abuse. State v. Thibodeaux, supra; State v. Medlock, supra; State v. Smith, 283 So.2d 470 (La.1973).
The record before us does not contain evidence of actual antagonism of the defenses of these two defendants. No pretrial written motion was filed by either defendant. Rather, on the morning of trial, defendant Walker's attorney moved for a *193 severance and the trial judge afforded a hearing on the motion. Walker's attorney argued orally and stated that it would be his client's position at trial that defendant Singleton possessed the vehicle, Walker merely having accepted a ride from him. Defendant Singleton's attorney did not formally join in the motion, but he did state: "Each [defendant] claims the other had possession, and gave the other one a ride, or caused the other one to be in the car." No formal testimony was taken, from the attorneys or witnesses, and no further specifics were offered of the alleged antagonistic defenses. After the judge denied the motion, both attorneys formally objected to the ruling.
Although we believe the severance issue here to be a close one, we cannot say that the trial judge's disallowance of severance constituted an abuse of discretion. No formal evidence or complementing details were offered at the hearing to substantiate the claims of antagonistic defenses (e. g. there was no sworn testimony at all). Moreover, defendants' allegations that each merely accepted a ride from the other does not constitute inherently accusatory positions. Were each defendant claiming that the other knowingly possessed the stolen car, then their defenses would have been directly accusatory, making each "defend not only against the state, but also against his co-defendant" and perhaps requiring a severance in the interest of justice. State v. Thibodeaux, supra at 771. Defendants' allegations here, on the other hand, would neither place guilt directly on the co-defendant nor relieve the asserter of guilt, for each defendant's acknowledged presence in the car would be some evidence of guilt of his own possession of the stolen vehicle. Under these circumstances, the trial judge did not abuse his discretion in failing to grant defendant Singleton's motion for severance.

ASSIGNMENT OF ERROR NO. 2
Defendant Singleton moved for production of the voting records of the prospective jurors on the petit jury venire. In the same motion, he also sought production of the computer printout containing prior criminal records of the prospective jurors. The trial judge overruled the motion for production for the reason that the material constituted the "work product" of the district attorney. During the voir dire examination, counsel for defendant did not question any juror as to his or her prior vote as a juror on prior juries. Nor did he ask any question to elicit any juror's prior criminal record.
This issue has recently been before us several times. In the case of State v. Wright, 344 So.2d 1014 (La.1977), the defendant moved before jury selection for a copy of the district attorney's list which indicated how prospective jurors had voted in prior jury trials and the type of case heard by each of the prospective jurors. We assumed without deciding that the lists were the work product of the district attorney's office and held that to discover a work product a litigant must demonstrate that denial of such production would unduly prejudice the preparation of his case or cause him hardship or injustice. We stated that:
"In order to make such a showing. . .he would have been required to demonstrate that he could not practicably obtain information from other sources, and that the state intended to use it in selecting the jury. Had defendant done so, he should have been given the information before voir dire or else allowed to question the prospective jurors on the subject." 344 So.2d at 1017.
Because defendant made no such showing, however, no reversible error was found in the trial judge's refusal to demand production of the lists.
In State v. Rey, 351 So.2d 489, handed down October 10, 1977, the Court again found no merit in defendant's complaint that he had not been given the lists because:
"In the present case, the record indicates that the prosecutor assembled his information on the voting records of prospective jurors from the records in the office *194 of the clerk of court and that the same records are available to any defense attorney. The defendant has failed to demonstrate the required prejudicial effect of the denial of access."
Moreover, in State v. Holmes, 347 So.2d 221 (La.1977), this Court found defendant's request for lists premature because voir dire examination had not been conducted and defendant had not shown that he could not get the information by other means (i. e. by questioning jurors on voir dire). And in State v. McGhee, La., 350 So.2d 370, handed down September 19, 1977 the Court found error in the trial judge's refusal to allow counsel to ask prospective jurors on voir dire what the verdict was in previous juries of which they had been a member. The question whether the meritorious assignment standing alone had sufficient merit to warrant reversal was not reached in light of the fact that the conviction was reversed on two other independent grounds.
In the case now before us, we conclude that defendant Singleton has failed to make a showing that he could not gain the information he requested other than by the state's production of the lists in question. None of the prospective jurors were questioned about their past jury service nor criminal records on voir dire examination. Under these circumstances, we find no reversible error in the refusal of the trial judge to order production of the lists. C.Cr.P. art. 921. The assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
Defendant argues that the trial judge wrongly overruled his motion to quash the multiple bill filed against him pursuant to La.R.S. 15:529.1. Defendant contends that one of his prior convictions, namely, that of violating a federal firearms statute, could not have constituted a felony under the laws of the state of Louisiana and that it therefore could not properly have been used to enhance his sentence.
Louisiana Revised Statute 15:529.1 provides that any "person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony" may receive an enhanced sentence. The federal charge, therefore, can only be used to enhance defendant's sentence if the offense is one which "if committed in this state would be a felony." See State v. Vale, 252 La. 1056, 215 So.2d 811 (1968), reversed on other grounds 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); State v. Johnson, 202 La. 926, 13 So.2d 268 (1943); State v. Brown, 185 La. 855, 171 So. 55 (1937).
Defendant was convicted of possessing a firearm not registered to him in the National Firearms Registration and Transfer Record, a violation of 26 U.S.C. § 5861(d). In 1972, when defendant committed this crime, Louisiana law proscribed, analogously, possession of unregistered firearms through R.S. 40:1783. At that time violation of R.S. 40:1783 was not a felony.[1] Although this state law was amended in 1976 to raise the crime of possession of unregistered firearms to a relative felony, that change does not affect this defendant because the character of a prior offense as a felony or non-felony is determined as of the date of a defendant's commission of the offense, not as of the date of its utilization by the state in enhancement proceedings. State v. Sawyer, 350 So.2d 611 (La.1977). Therefore, even though the federal crime of which defendant was convicted might arguably have been a crime under Louisiana state law, that counterpart state crime was not then a felony. Under these circumstances, defendant correctly argues that the federal conviction was improperly used to enhance his punishment in the instant prosecution and *195 that the trial court erred in failing to grant his motion to quash the multiple bill.

Decree
For these reasons, defendant's conviction is affirmed, but his sentence is vacated and the case is remanded to the district court for resentencing.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.
TATE, Justice, concurring.
While I think severance should have been granted and the voting lists furnished, I am not now prepared to hold that reversible error occurred.
NOTES
[1] In 1972, R.S. 40:1791 provided that the penalty for violation of R.S. 40:1783 was a fine of not less than $100.00 nor more than $1,000.00, and imprisonment for not less than three nor more than twelve months. Therefore, R.S. 40:1783 was not a felony in 1972 when defendant violated the federal statute. See R.S. 14:2; C.Cr.P. art. 933.