PER CURIAM.
On February 18, 1976, defendants James Harvey and Rennie Atwell were convicted of murder, La.R.S. 14:30 (1950), and sentenced to life imprisonment. On appeal, this Court found that while all other assignments lacked merit, defendants had raised a serious issue regarding the denial of a defense motion to require the state to disclose the prior conviction records of prospective state witnesses. Finding that the trial court had erred in not requiring the state to respond to the specific request by stating whether it had knowledge or possession of such records, and, if so, by not requiring the prosecutor to furnish them to defendants, or submit them to the court for a determination as to whether defendants were entitled to this material, we remanded the case to the trial court for it to determine if there was a suppression of subject matter requested for which there was a substantial basis for claiming that materiality existed and, if so, whether the information suppressed by the state would upon its evaluation in the context of the entire record create a reasonable doubt as to defendant’s guilt. We reserved to defendants the right to appeal from an adverse ruling. State v. Harvey, 358 So.2d 1224 (La.1978). On remand, the trial court found that no suppression of the information requested had occurred. Defendants now appeal from that ruling.
At the remand hearing, the prosecuting attorney informed the court and defense counsel that the state did not have any “rap sheets” on any witnesses in its possession and did not have knowledge of any prior convictions of any witnesses. The defense introduced no evidence to the contrary. We conclude, therefore, that the trial court did not err in determining that the state had not suppressed information requested by defendants.
Accordingly, defendants’ convictions and sentences are affirmed.