BLANCHE, Justice.*
*760 Defendant appeals to this Court from a conviction for possession of Demerol,[1] a violation of R.S. 40:967.[2] Following a multiple-offender hearing, at which the state produced evidence of three prior felony convictions, defendant was sentenced to life imprisonment.[3]
Defendant has made nineteen assignments of error, of which we treat only one in this opinion. The appendix attached hereto deals with the other assignments, which we deem to be without merit.
Defendant contends that a federal conviction for violation of 18 U.S.C.A. § 922(a)(6),[4] the Gun Control Act of 1968, was improperly used for purposes of enhancement of his sentence following the multiple offender hearing. We agree.
In the multiple offender bill filed by the state, three prior felony convictions were alleged. One of the convictions was a 1973 guilty plea to a charge that he violated the Federal Gun Control Act of 1968 by making a false written statement when purchasing a firearm. Defendant had stated in the said application that he was not a convicted felon when, in fact, he had been convicted of a felony.
Louisiana, at that time, had no statute making such violation a felony under its law; the comparable statute involved only a misdemeanor offense.[5] Thus, the conviction of the U. S. Statute would not have been a felony in this state and, under the provisions of R.S. 15:529.1, could not be used as a conviction for enhancement under the habitual offender law.
The Louisiana Habitual Offender Law, R.S. 15:529.1, states:
“A. Any person who, after having been convicted within this state of a felony, or *761 who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:”
As we recognized in State v. Singleton, 352 So.2d 191 (La.1977), the clear meaning of this statute is that the use of a federal conviction for enhancement of punishment is improper when the crime was not one which “if committed in this state would be a felony.”
Under the terms of R.S. 15:529.1 and R.S. 40:967, if the defendant is found to be a third offender rather than a fourth offender, then the maximum sentence which he could receive would be ten years imprisonment and a fine of $10,000 for his conviction on the charge of possession of Demerol.[6]
We therefore reverse the sentence imposed following defendant’s conviction and remand for resentencing.
CONVICTION AFFIRMED, SENTENCE REVERSED, CASE REMANDED FOR RESENTENCING.

 Chief Judge Paul B. Landry, Jr., Retired, participated in this decision as Associate Justice Ad Hoc.

. Defendant was charged with possession of Demerol (Pethidine), which is listed in Schedule II of R.S. 40:964.

. R.S. 40:967 states in relevant part:
“C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner or provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part. Except as provided in Subsections E and F hereof, any person who violates this Subsection shall be imprisoned with or without hard labor for not more than five years; and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.”

. The Habitual Offender Law, R.S. 15:529.1, makes the following provisions for those who are found to be fourth offenders:
“(3) If the fourth or subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then, (a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or (b) If the fourth or subsequent felony and two of the prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence."

. This statute states:
“§ 922. Unlawful acts
(а) It shall be unlawful— * * *
(б) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.”

. R.S. 14:125 provides:
“False swearing is the intentional making of a written or oral statement, known to be false, under sanction of an oath or an equivalent affirmation, where such oath or affirmation is required by law; provided that this article shall not apply where such false statement is made in, or for use in, a judicial proceeding or any proceeding before a board or official, wherein such board or official is authorized to take testimony.
“Whoever commits the crime of false swearing shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both.”

. This degree of penalty may be ascertained by reading together R.S. 40:967(C) (footnote 2, supra) and R.S. 15:529.1 which states in pertinent part:
“(2) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then, (a) The person shall be sentenced to imprisonment for any term not less than one-half the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; . . . ”