STATE OF LOUISIANA
v.
DUSTAN DUHON
08-206
Court of Appeal of Louisiana, Third Circuit.
December 10, 2008.
NOT DESIGNATED FOR PUBLICATION
Hon. J. PHILLIP HANEY, District Attorney, Counsel for Plaintiff/Appellee: State of Louisiana.
MARK OWEN FOSTER, Louisiana Appellate Project, Counsel for Defendant/Appellant: Dustan Duhon.
Court composed of COOKS, PAINTER, and ROY, Sr., Judges.
ROY[1], Judge (pro tempore).
The defendant, Dustan Duhon, was charged by bill of indictment filed on November 10, 2005, with two counts of second degree murder, violations of La.R.S. 14:30.1. Defendant was arraigned on December 12, 2005, and entered a plea of not guilty. Thereafter, a jury verdict of guilty on each count was rendered on March 21, 2007. Defendant was sentenced to life at hard labor on each count, the sentences to run consecutively. A Motion to Appeal was submitted by defense counsel. Defendant also filed a Motion to Reconsider Sentence, which was denied.
On appeal, Defendant asserts one assignment of error. He contends that the trial court erred in denying his objections to prejudicial photographs offered into evidence by the State. After reviewing the record, we find no error in the trial court's ruling.

FACTS
On October 22, 2005, Ashley Estilette drove Defendant and his brother, Nicholas Maturin to Ronnie Bourque's trailer. Both Defendant and Maturin possessed a Molotov cocktail. A lit cocktail was thrown into Bourque's trailer, which then burned. Bourque and Tara Walls died as a result of carbon monoxide poisoning. Defendant denied liability for throwing the lit cocktail, which he blamed on Maturin.

ASSIGNMENT OF ERROR
In his only assignment of error, Defendant contends that the trial court erred in denying his objections to the introduction of prejudicial photographs into evidence by the State.
The State sought to introduce photographs of Walls' and Bourque's faces into evidence in order to prove the identity of the victims. Defendant objected to the introduction, stating that the pictures were prejudicial. Although he offered to stipulate to the victims' identities, the trial court concluded that the State had the right to identify the victims and overruled the objection. The trial court stated ruled that it would allow the photograph for the limited purpose of identification, but that it would not have a "parade of witnesses" look at the photograph and it was "probably not going to let it be shown again."
The state is entitled to the moral force of its evidence, and post-mortem photographs of murder victims are admissible to prove corpus delicti, to corroborate other evidence establishing cause of death, as well as location and placement of wounds and to provide positive identification of the victim. State v. Koon, 96-1208, p. 34 (La.5/20/97), 704 So.2d 756, 776; State v. Martin, 93-0285, p. 14 (La.10/17/94), 645 So.2d 190, 198. Photographic evidence will be admitted unless it is so gruesome as to overwhelm jurors' reason and lead them to convict without sufficient other evidence. Koon, 96-1208 at p. 34, 704 So.2d at 776, citing State v. Perry, 502 So.2d 543, 558-59 (La.1986), cert. denied, 484 U.S. 872, 108 S.Ct. 205, 98 L.Ed.2d 156 (1987).
We agree that the photographs are indeed gruesome. This court regularly sees claims of "gruesome" photographs in capital cases, but has reversed only once on these grounds in any case. State v. Morris, 245 La. 175, 157 So.2d 728 (1963) (gratuitous introduction of "gruesome and ghastly" photographs depicting the progress of an autopsy in an "increasing grotesque and revolting" manner constituted reversible error when the defendant admitted that he killed the victim and contested only his state of mind). Admission of "gruesome photographs is not reversible error unless it is clear that their probative value is substantially outweighed by their prejudicial effect." Martin, 93-0285 at pp. 14-15, 645 So.2d at 198. Cf., State v. Wessinger, 98-1234, pp 16-17 (La.5/28/99), 736 So.2d 162, 179 (photographic evidence "will be admitted unless it is so gruesome as to overwhelm the jurors' reason and lead them to convict defendant absent other sufficient evidence.")
State v. Broaden, 99-2124, p. 23 (La. 2/21/01), 780 So.2d 349, 364, cert. denied, 534 U.S. 884, 122 S.Ct. 192 (2001).
In State v. Thibodeaux, 97-1636, pp. 9-10 (La.App. 3 Cir. 11/18/98), 728 So.2d 416, 422, writ denied, 98-3131 (La. 5/7/99), 741 So.2d 27, cert. denied, 528 U.S. 936, 120 S.Ct. 341 (1999), we stated:
The mere fact that the crime scene photographs are unpleasant, horrifying, or gruesome does not render them inadmissible, nor does the fact that the photographs bring vividly to the jurors the details of a shocking crime. The key is that the probative value of the photographs outweighs their prejudicial effect.
Furthermore,
An offered stipulation bears upon this balancing test, but the decision is primarily one for the trial court. State v. Lindsey, [404 So.2d 466 (La.1981)]; State v. Bodley, 394 So.2d 584 (La., 1981). The state cannot be robbed of the moral force of its case merely because the stipulation is offered. State v. Harvey, 358 So.2d 1224 (La., 1978).
State v. Watson, 449 So.2d 1321, 1326 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939 (1985). See also State v. Perry, 502 So.2d 543 (La.1986), cert. denied, 484 U.S. 872, 108 S.Ct. 205 (1987); State v. Ball, 99-428 (La. 11/30/99), 756 So.2d 275.
Defendant asserts that he was wrongly convicted of the greater offense of second degree murder based on the improper admission of the highly prejudicial photographs of the two victims and that the introduction of those photographs was not harmless error. He argues that the two photographs are particularly gruesome and disturbing because they are facial photographs of the two victims. Additionally, Defendant asserts that the photographs had little, if any, probative value, as they did not prove corpus delicti nor establish the cause of death or location or placement of wounds.
Defendant further asserts that the State used the photographs in a calculated attempt to arouse the sympathies or prejudices of the jury. He contends that one of the photographs was shown to the victim's sister who broke down on the stand, which necessitated a recess of the trial. Defendant asserts that the emotional impact on the jury cannot be underestimated. Additionally, the State showed the photographs to Defendant during his testimony, which he asserts was for no other purpose than to prejudice the jury against him.
In State v. Lindsey, 404 So.2d 466 (La. 1981), the defendant objected to the introduction of photographs depicting the nude body of the decedent lying on her back on an autopsy table, with a trickle of dried blood streaked on her face and a sutured incision in her torso as part of the autopsy. In an attempt to prevent the admission of these photographs, the defendant recounted his admission to the correctness of the autopsy report establishing the cause of death and identity of the victim. The supreme court then stated the following:
Although the victim's son testified concerning the fact of death, and the defendant stipulated to the report which identified the victim and singled out the cause of death as a gunshot wound to the back, the photographs nevertheless identify the victim, corroborate the fact of death, and press home the fact that the case deals with a concrete event, the killing of a flesh and blood human being. On the other hand, the photographs, while unpleasant, are not so particularly gruesome that this Court must find that they would "overwhelm reason". Neither photo depicts more blood than might result from a minor cut or nosebleed. The pictures were taken in a "sterile" environment, detached from the immediacy of the scene where the fatal injury was inflicted. In sum, when we balance the probative value of the photographs toward proving the identity of the murder victim with the small likelihood that the jury was inflamed simply upon seeing these pictures, we find that the probative value of the photographs outweighs the possible inflammatory effect. State v. Smith, 327 So.2d 355, on rehearing (La.1976).
Id. at 475-76.
In State v. Bunley, 00-405 (La.App. 4 Cir. 12/12/01), 805 So.2d 292, writ denied, 02-505 (La. 1/24/03), 836 So.2d 41, the court reviewed photographs depicting extensive burning and charring to the victims face, scalp, neck, anterior chest, and extremities. The court concluded that the defendant had not proven the photographs were unduly prejudicial; thus, the photographs were properly admitted at trial.
In support of its argument that the photographs were admissible in the case at bar, the State cites Perry, 502 So.2d 543; State v. Sonnier, 379 So.2d 1336 (La.1979); Thibodeaux, 728 So.2d 416; Bunley, 805 So.2d 292; and State v. Hendricks, 38,945 (La.App. 2 Cir. 9/22/04), 882 So.2d 1212, writ denied, 04-2833 (La. 3/18/05), 896 So.2d 1000, in which various courts found that photographs described as gruesome were held admissible at trial. The State also cited State v. Brown, 96-1002 (La.App. 5 Cir. 4/9/97), 694 So.2d 435, writ denied, 97-1310 (La. 10/31/97), 703 So.2d 19, wherein the fifth circuit found a mistrial was not warranted when, after viewing a photograph of the victim, the victim's girlfriend ran from the courtroom screaming.
The photographs in question depict close-ups of the victim's faces. After reviewing them, we find that they are not gruesome and, despite the Defendant's offer to stipulate to the identity of the victims, were used to strictly to identity the victims. Therefore, we find that the trial court did not abuse its discretion when ruling the photographs at issue were admissible at trial. Accordingly, this assignment of error lacks merit.

CONCLUSION
Based on the foregoing, Defendant's convictions are affirmed.
AFFIRMED.
COOKS, J. CONCURS.
Introduction of the photographs to establish the victims' identities was error. The victims' identities were not at issue and defendant stipulated to their identity during the trial. However, the evidence of defendant's guilt was outstanding and the error was harmless.
NOTES
[1] Judge Chris J. Roy, Sr. appointed judge pro tempore of the Court of Appeal, Third Circuit.