319 So.2d 357 (1975)
STATE of Louisiana
v.
Herman MITCHELL, Jr.
No. 56064.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied September 30, 1975.
Karl W. Cabanaugh, Denham Springs, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard E. Yokum, Dist. Atty., William M. Quin, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, who was charged by Bill of Information with armed robbery, was tried by jury, found guilty as charged, and sentenced to serve ninety-nine years imprisonment without benefit of parole, probation, or suspension of sentence. During the course of his trial, defendant reserved ten Bills of Exceptions. On appeal, defendant relies upon Bills of Exceptions Nos. 1, 9, *358 and 10 for the reversal of his conviction. Defendant also relies upon an alleged error patent on the face of the record.

BILL OF EXCEPTIONS NO. 1
Prior to trial on the merits, defendant filed a motion to quash the Bill of Information. One of the four grounds relied upon in this motion was that, due to the systematic exclusion of persons between 18 and 21 years of age, the general jury venire was improperly drawn, selected, and constituted. In ruling on the motion, the trial judge stated:
"Pursuant to an act and the testimony of the Secretary of the Jury Commission, the motion to quash is granted and the general venire and petit jury venire is quashed."
Defendant argues that, in granting the motion, the court quashed the Bill of Information against him, and that, since no subsequent Bill of Information was filed, all proceedings after the sustaining of the motion to quash were invalid.
The following excerpt from the ruling on defendant's motion makes it quite clear that the court granted the motion to quash only to the extent of quashing the general and petit jury venires:
"BY THE COURT: Pursuant to Act No. 695 of the regular session of the Louisiana Legislature, 1972, signed by the Governor on July 12, 1972, and thus became law August 1st or 2nd, 20 days thereafter, which reads, and I quote: `Article 401 of the Code of Criminal Procedure, general qualifications of jurors, in order to serve as a juror a person must (2) be at least 18 years of age.' Pursuant to that act and the testimony of the Secretary of the Jury Commission, the motion to quash is granted and the general venire and the petit jury venire is quashed. The grand jury that I empaneled this morning, well, we'll just have to quash that one also.
"[DEFENSE COUNSEL]: Now, Your Honor, at this time, since the information against this defendant has been quashed, I ask Your Honor at this time to rule on the disposition of this defendant.
"[ASSISTANT DISTRICT ATTORNEY]: The information has not been quashed.
"BY THE COURT: Mr. Cavanaugh, you must not have heard what I said. The general venire and the petit jury venire is quashed, not the charges.
* * * * * *
"BY THE COURT: The motion to quash the bill of information is denied, however, the court will instruct to quash the general venire from which the petit jury was drawn, therefore forms the petit jury venire. This does not address itself to the Bill of Information, now (sic) does it address itself to any formal defect in the Bill of Information, it merely refers to the jury before which the defendant will be tried."
Defendant argues that the Louisiana Code of Criminal Procedure makes no provision for divisibility of a motion to quash; therefore, he asserts that the defendant should be dismissed or held in custody until a new Bill of Information is filed against him.
While we agree that there is no specific provision of the Louisiana Code of Criminal Procedure authorizing the court to grant partial relief when there are several grounds in the motion to quash, we cannot agree that the court is powerless to grant partial relief.
Article 3 of the Louisiana Code of Criminal Procedure provides:
"Where no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of *359 this Code and other applicable statutory and constitutional provisions."
As to the court's authority, Article 17 provides in part:
"A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. . . ."
In State v. Edwards, La., 287 So.2d 518, in interpreting the Code of Criminal Procedure in an instance where it was silent, this Court stated:
"The provisions of our Code of Criminal Procedure are intended `to provide for the just determination of criminal proceedings.' They are to be construed `to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay.'" La.Code Crim.Proc. art. 2.
* * * * * *
"Where the law is silent in such cases, the inherent authority of the court would permit a rule of reason requiring the proceedings to be conducted with dignity and in an orderly and expeditious manner. La.Code Crim.Proc. art. 17."
Defendant has pointed out no defect in the Bill of Information, and we have found none. The Bill of Information, filed by the District Attorney, is not tainted by the jury selection method.
Hence, Bill of Exceptions No. 1 is without merit.

BILL OF EXCEPTIONS NO. 9
Defendant reserved this Bill of Exceptions to the overruling of his motion for a mistrial. Defendant argues that a mistrial should have been granted because the State, while questioning Deputy Sanders, produced a pistol, displayed it to the jury, and questioned the witness about it obviously laying a foundation for the introduction of the pistol as evidence. Thereafter, the State questioned its ballistics expert, Ronald Jewel, about this pistol, again producing it in front of the jury and thereafter leaving it plainly visible to the jury on the table. The expert's testimony, as the State undoubtedly knew in advance, was that the fatal bullet could not be identified (other than as of like caliber) with the pistol. The State did not offer the pistol in evidence, although it was again referred to in the State's closing argument. Defendant moved for a mistrial on the ground of prejudicial misconduct.
The following reasons, given by the trial court in its per curiam to Bill of Exceptions No. 9, are substantiated by the record:
"At no time during the questioning of Deputy Sanders and Mr. Jewel did the defense object in any manner to the way the weapon was being handled in the court room by any of the court room personnel, including the assistant district attorney who was questioning Deputy Sanders and Mr. Jewel about the weapon. Subsequent to the testimony of Deputy Sanders and Mr. Jewel, the State called another witness who testified about matters unrelated to the weapon. Then the State rested its case. At this point the court recessed for a short period of time. When court resumed, the defense for the first time mentioned the conduct of the state with respect to the weapon. In my opinion, based upon my recollection of the physical conduct of the prosecution during this period of the trial and my examination of the trial transcript (Tr. Transcript pp. 46-62), there was no conduct on the part of the prosecution prejudicial to the defendant, depriving him of a fair trial."
The trial court correctly denied defendant's motion for a mistrial. Article 841 of *360 the Louisiana Code of Criminal Procedure, as amended in 1974, provides:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
"The requirement of an objection shall not apply to the court's ruling on any written motion."
Here, the defendant did not timely object to the irregularity, if there were one. The court properly denied defendant's subsequent Motion for Mistrial. LSA-C.Cr.P. Art. 841.
Bill of Exceptions No. 9 is without merit.

BILL OF EXCEPTIONS NO. 10
Defendant requested the following special charge to the jury, which was denied by the court:
"Section 65 of the Louisiana Criminal Code defines simple robbery as follows: Simple robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon. If you find that the defendant agreed to participate in a simple robbery, but did not consent to or know that a dangerous weapon would be used in the commission of the robbery, then you should find the defendant guilty of simple robbery."
Article 807 of the Louisiana Code of Criminal Procedure requires that a special charge be given to the jury only if it is wholly correct and not included in the general charge.
In his Per Curiam, the trial judge states that the requested charge was not a correct statement of the law and that the definition was contained in the general charge.
The general charge to the jury is not included in the record on appeal. However, the list of responsive verdicts lists simple robbery. We accept the trial judge's Per Curiam that he did include the statutory definition requested in defendant's special charge.
The remainder of the requested charge is incorrect in that it does not take into account the possibility of securing a gun during the course of a robbery.
Bill of Exceptions No. 10 is without merit.

ERROR PATENT ON THE FACE OF THE RECORD
The defendant pleaded "Not Guilty" and "Not Guilty by Reason of Insanity"; the plea was never withdrawn. Defendant now argues that the trial judge neglected to instruct the jury regarding his insanity plea, and that his failure to do so is reversible error.
Defendant's argument is without merit. Even if the trial court failed to instruct the jury regarding the insanity plea, which we cannot determine because of the absence of the general charge from the record, the error is not reviewable.
This Court has consistently held that, absent a contemporaneous objection, a defendant may not on appeal complain of the trial judge's charge to the jury. Under Article 920, LSA-C.Cr.P., a defect in the general charge is not an error "discoverable by a mere inspection of the pleadings and proceedings." See State v. Craddock, La., 307 So.2d 342 (1975) and the cases therein cited.
*361 Since in the present case no objection was made at the time the charge was given, the defendant cannot complain of the charge on appeal.
For the reasons assigned, the conviction and sentence are affirmed.