343 So.2d 171 (1977)
STATE of Louisiana
v.
Wilbert "Honky" WINSTON.
No. 58570.
Supreme Court of Louisiana.
February 28, 1977.
*172 Reuvan N. Rougeau, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., A. J. Fazzio, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
On February 28, 1975, the Grand Jury of Calcasieu Parish indicted defendant for distribution of heroin, a violation of LSA-R.S. 40:966(A)(1). In May of 1975, defendant was tried, convicted and sentenced to life imprisonment. This Court, however, reversed the conviction and remanded the case for a new trial. La., 327 So.2d 380 (1976). After the new trial, defendant was again found guilty and sentenced to life imprisonment. On appeal, defendant relies upon two assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
During his cross-examination of Jack Hebert, former head of the Narcotics Division of the Calcasieu Parish Sheriff's Department, defense counsel sought to elicit testimony regarding Sheriff Henry A. Reid's general criticism of the way in which Hebert had managed some of the narcotics cases in that parish. Before counsel could complete the question, the State objected, and the jury was removed. The trial court ruled that the interrogation called for hearsay testimony and was irrelevant.
Relying upon LSA-R.S. 15:486 and Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), defendant contends that the trial court erred in unreasonably limiting his constitutional right to confront the witness against him and to attack his credibility.
At the time defendant's trial took place there was a controversy between Sheriff Reid and Deputy Sheriff Jack Hebert, among others. The controversy resulted from allegations made against Sheriff Reid by a number of Deputy Sheriffs who had recently resigned; Hebert was among those who had resigned.
Defense counsel argues that the questioning was designed to determine whether the controversy between the Sheriff and Hebert related to the charges brought against the defendant in the present case. Counsel contends that the court should have allowed him to pursue this line of questioning because, in the event that Sheriff Reid's criticism of Hebert's conduct of some narcotics investigations did involve the present case, some doubt might have been cast on the credibility of both Hebert and Payne, the undercover agent who testified in this case.
LSA-R.S. 15:486 provides:
"Each side has the right to impeach the testimony and the credibility of every witness sworn on behalf of the other side."
Without doubt, the credibility of each witness called to testify in a criminal prosecution is a material issue at trial, and LSA-R.S. 15:486 permits each side to test the credibility of each witness called by the other side. See also, LSA-R.S. 15:492.
However, in the present case, defense counsel sought to impeach the credibility of the witness by statements attributed to the Sheriff in newspaper articles. This source of impeachment is clearly hearsay and inadmissible into evidence since it does not fall under any of the recognized exceptions to the hearsay rule. LSA-R.S. 15:434. If the Sheriff had personal knowledge helpful to the defense, he could, of course, have been summoned as a witness.
Likewise, defendant's reliance upon Davis v. Alaska, supra, is illfounded. In that case, the State, prior to taking testimony in defendant's trial, moved for a protective order to prevent any reference, in the course of cross-examination, to the juvenile record of a prosecution witness. The defense argued that it would attempt to show that the witness might be subject to undue pressure by the police to testify because he was then *173 on probation. The United States Supreme Court reversed and remanded holding that the Sixth Amendment right of confrontation requires that the defendant in a state prosecution be allowed to impeach the credibility of a prosecution witness by cross-examination directed at possible bias due to the witness's probationary status as a juvenile delinquent.
We find the present case distinguishable on its face from Davis v. Alaska, supra. Davis involved demonstrable certified evidence by which to impeach the witness, while the case before us involves only general hearsay attributed to the Sheriff. In our opinion, the trial judge correctly disposes of this assignment in the following Per Curiam:
"This concerns my refusal to allow the witness Jack Hebert, a former Deputy Sheriff, to testify as to what recent newspapers had reported that the Sheriff, H. A. Reid, Jr., had said concerning Jack Hebert's performance as a Deputy Sheriff.
"For purposes of background, while this trial was taking place (June 1976) the Grand Jury of Calcasieu Parish was in session reportedly investigating the Sheriff of Calcasieu Parish, H. A. Reid, Jr. That investigation stemmed from allegations made by a number of Deputy Sheriffs who had recently resigned. Jack Hebert was one of the accusers. He had been the head of the Narcotics Division before his resignation, having been a Deputy for 15 years and head of the Narcotics Division for 7. Counsel for defendant attempted to get before the jury, through Hebert, an alleged newspaper account of criticism the Sheriff had levied against Hebert following the latter's resignation.
"I read these newspaper accounts, and the Sheriff's reported criticism of Hebert was not tied to any specific narcotics investigation or any particular time period. I got the impression that the criticism was based on something that happened no earlier than the year prior to the resignation, certainly not as early as September 29, 1974, the date of Winston's crime.
"Such testimony was inadmissible for numerous reasons, not the least of which was its total irrelevance."
The trial judge's determinations regarding the relevancy of offered testimony are entitled to great weight and should not be overturned in the absence of a clear abuse of discretion. State v. Junegain, La., 324 So.2d 438 (1975); State v. Owens, La., 301 So.2d 591 (1974); State v. Ackal, La., 290 So.2d 882 (1974); State v. Davis, 259 La. 35, 249 So.2d 193 (1971); State v. Walker, 204 La. 523, 15 So.2d 874 (1944); State v. Stracner, 190 La. 457, 182 So. 571 (1938).
Defendant has failed to demonstrate a clear abuse of discretion in the ruling of the trial court.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Here, defense counsel complains that the trial court improperly refused to allow him to examine former Deputy Hebert regarding the deputy's use of one Elray Fontenot as an informer in the unrelated case of State v. Scott, La., 278 So.2d 121 (1973). While recognizing that such questioning is collateral to the charges brought against this defendant, counsel urges that the line of questioning should have been allowed to refute Hebert's testimony that he always used reliable undercover informers and agents, and that he did not rely on the aid of "users" of hard narcotics. Counsel argues that this fact itself would have "impeached" Hebert's testimony, since it appears to have contradicted his testimony in the present case that he did not use informers who were hard-narcotics addicts because of their unreliability.
In State v. Scott, supra, the defendant was convicted of distributing heroin on or about February 12, 1972. The defendant in the present case was convicted of distributing heroin on or about September 29, 1974. Both convictions occurred in Calcasieu Parish and during the time in which Hebert *174 was head of the narcotics division of the Sheriff's Department. In State v. Scott, supra, we stated:
"Undercover agent Elray Fontenot was being cross-examined by defense counsel concerning his past activities. As he replied to the questions propounded, tending to uncover his sometimes illegal and unexemplary past conduct, he requested permission of the judge to explain his answers. When granted permission he explained why he was being used as an undercover agent and why he was able to succeed in that role. A `nice fellow' could not have bought drugs from the defendant, he said. `And if I hadn't shot heroin at the time that I did I wouldn't be here to testify now. Scott right there wouldn't let me testify. . . .'" 278 So.2d at 126.
The trial court sustained the State's objection to this line of questioning regarding an informer in an unrelated case on the ground that such testimony was irrelevant.
In his Per Curiam to this assignment of error, the trial judge states:
"The trial of this case required the testimony of Joe Payne, an undercover agent in the Calcasieu Parish Sheriff's Narcotics Division. The department had used a number of undercover agents in the past, but no one except Joe Payne was involved in this case. Counsel for defendant sought to weaken Joe Payne's credibility and reliability by extensive questioning into his background. I permitted this. However, I sustained an objection when counsel attempted, by questioning the former head of the Narcotics Division, Jack Hebert, to investigate the backgrounds and find fault with other former undercover agents who had no connection with this case."
We agree with the trial court. As in Assignment of Error No. 1, we are unable to find any abuse of the trial court's discretion in its ruling. The court below allowed extensive questioning into the credibility of the informer in the present case. The disallowance of evidence concerning the background of an agent unconnected with the present case appears to be a proper exercise of discretion.
However, assuming without deciding that error has been committed, the error is harmless and does not require reversal. L.C.Cr.P. Art. 921. Deputy Hebert testified freely that he had used informers and undercover agents in the past who had been charged with marijuana violations. He also testified that although the Sheriff's Department tried to hire and use only trustworthy personnel, some later proved to be unreliable. These were dismissed, and the cases on which they had worked were dropped.
Regarding the undercover agent, Fontenot, Hebert testified that he had been involved in the investigation and testified in a trial resulting in the conviction of Scott; and that some time after the trial Fontenot was discharged, not because he had proved to be unreliable, but because he had gotten into a fight and "somebody called him a `narc' or something." Further, though Mr. Hebert testified that Fontenot was not a narcotics user at the time he worked undercover, he stated that Fontenot had used them in the past; had smoked marijuana in the past; and that he thought he remembered that Fontenot had been charged for possession of marijuana in Texas and was on probation during at least a part of the time that he worked undercover for the Sheriff's Department in Calcasieu Parish.
Assignment of Error No. 2 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.