392 So.2d 425 (1980)
STATE of Louisiana
v.
Thomas M. STRAMIELLO.
No. 67433.
Supreme Court of Louisiana.
December 15, 1980.
Rehearing Denied January 26, 1981.
*426 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Edward Roberts, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Cora R. Schley, Schley & VanDyke, Alexandria, for defendant-appellant.
MARCUS, Justice.
Thomas M. Stramiello was charged by bill of information with simple escape from "Camp Beauregard Work Release Center, a unit of the Louisiana Department of Corrections" in violation of La.R.S. 14:110. At arraignment, defendant entered a plea of not guilty and not guilty by reason of insanity to the indictment. After trial by jury, defendant was found guilty as charged and sentenced to serve three and one-half years at hard labor. The trial judge expressly directed that the sentence be served consecutively with any other sentence. On appeal, defendant relies on six assignments of error for reversal of his conviction and sentence.[1]
*427 Defendant was convicted of armed robbery and crime against nature and sentenced to serve time at Angola. After serving eighteen months, he was sent by the Department of Corrections to the Camp Beauregard Work Release Center in Pineville, Louisiana. Defendant was a maintenance inmate and was allowed to attend trade classes. On May 20, 1976, defendant presented a letter purportedly from the Alexandria Trade School which stated that he was enrolled in a special class that met that evening. He was taken to the school by a Department of Corrections officer so he could attend the class. When the officer later returned to bring him back to the center, the officer was unable to locate him and discovered from the school authorities that no class had been scheduled for that evening. Defendant was listed as an escapee and an all points bulletin was issued for his arrest. He later turned himself in to the authorities in New York and was booked on a warrant issued by Louisiana for simple escape. There were delays in the extradition process. Defendant was released in New York on bond and subsequently arrested for rape. He pled guilty to the charge and was sentenced by the New York court to six to twelve years. This sentence was to run concurrently with any sentence that he was presently serving in Louisiana and any sentence he might receive for the pending charge of simple escape. Defendant waived extradition and returned to Louisiana to face trial on the instant charge of simple escape.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in overruling his objection to an irrelevant question asked him on cross-examination.
During the state's cross-examination of defendant concerning the events leading up to his escape, the following question was asked:
In this period of May, 1976, wasn't there a lot of publicity about the Camp Beauregard Work Release Center and inmates escaping therefrom and raping and certain citizens around Camp Beauregard Work Release ...
Defendant objected on the ground of irrelevancy. The state responded that further questioning would make the question relevant. The objection was overruled. The state then questioned defendant about the publicity and the shake-up it had caused in the work release program. Defendant was asked if at the time he was concerned that the shake-up might result in his being sent back to prison and if he feared for his life if this happened because of the stigma attached to prisoners sent to work release. Defendant admitted that the threat was there, "Always on my mind. Always on everybody's mind."
A witness may be cross-examined on the whole case. La.R.S. 15:280. Relevant evidence is that tending to show the commission of the offense and the intent. La.R.S. 15:441. A trial judge's determination regarding the relevancy of offered testimony is entitled to great weight and should not be overturned absent a clear abuse of discretion. State v. Winston, 343 So.2d 171 (La.1977).
In the instant case, defendant had testified on direct examination that he did not recall the events surrounding his escape on the night in question. The state was attempting to show motive for his departure, that is, that defendant feared the publicity had caused a shake-up in the work release program that might result in his being sent back to prison where his life would be in danger. Under the circumstances, we are unable to say that the trial judge abused his discretion in overruling defendant's objection to the question based on irrelevancy.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in sustaining an objection to a question asked of his mother on direct examination on the ground of irrelevancy.
Defendant had testified that he remembered nothing about the armed robbery and *428 the crime against nature for which he was convicted in 1974 because he was under a great amount of stress and in an amnesic state at the time. During defendant's mother's testimony, she stated that her son "showed extreme stress the entire time" she visited him in 1973, shortly before he committed the said crimes. When defense counsel asked defendant's mother how this stress manifested itself, the state objected on the ground of irrelevancy. The objection was sustained.
In brief to this court, defendant argues that since he remembers nothing about the other crimes he committed due to amnesia caused by stress, the question was relevant to show what occurred on the previous occasion in order to explain what occurred on this occasion.
A trial judge's determination regarding the relevancy of offered testimony is entitled to great weight and should not be overturned absent a clear abuse of discretion. State v. Winston, 343 So.2d 171 (La.1977). In the instant case, the stress symptoms about which the witness was questioned took place three years prior to the commission of defendant's escape from the work release center. Because the stress occurred so long prior to the crime for which defendant was on trial, we cannot say the trial judge abused his discretion in sustaining the state's objection on the ground of irrelevancy.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in permitting the state, over his objection, to ask his mother an improper question on cross-examination.
During cross-examination of defendant's mother, the state asked if her son ever told her how he had escaped. After stating that she did not inquire into the details of his escape, the state asked, "He didn't tell you that he had hit a guard over the head and escaped?" She responded: "No. Well, ... we asked if anyone was hurt." Defendant objected on the ground that the question assumed a fact not proven. The trial judge overruled the objection. The witness then responded that, "We wanted to know if anyone was hurt, and ... we were told, no, and we just dropped it at that." The state attempted to further question the witness on whether defendant had told her how he had accomplished his escape but was without success.
Defendant's defense to the charge was that at the time he left the Beauregard Work Release Center, he was in an amnesic state, unaware of and not in control of his actions, and consequently incapable of forming the intent required to commit the crime of simple escape. Through cross-examination of defendant's mother, the state was attempting to prove that defendant was not in an amnesic state at the time of his escape by showing that he had discussed the details of his escape with her. Apparently, the state asked the objected-to question, hoping that the witness would deny any violence took place and testify that her son told her that he merely left the center by use of a letter purported to be from a trade school.
We do not consider the question improper cross-examination of the witness. The evidence attempted to be elicited by the question would have been relevant to negate the defense of amnesia and to prove intentional departure (an essential element of the crime charged). Hence, the trial judge did not err in overruling defendant's objection to the question.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in permitting the state, over his objections, to question witnesses about the letter defendant used in making his escape. He argues that the letter itself was the best evidence of its contents; therefore, parol evidence concerning its contents was inadmissible.
*429 On the day of his escape, defendant presented a letter purportedly from a trade school which stated that he was enrolled in a special class that met that evening. Defendant was dropped off at the school and, when the officer who had taken him to school later returned to pick him up, the officer was unable to locate him and discovered from school authorities that no class had been scheduled for that evening.
La.R.S. 15:436 provides:
The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced.
La.R.S.15:437 further provides:
Matters which can be proved only by written evidence can not be established by parol; but the contents of a document may be proved by parol, if its loss or destruction be shown, or if it is in the possession of the adverse party and he fails to produce it after reasonable notice.
The best evidence rule is applicable only when the purpose of offering evidence of the writing is to establish the truth of statements contained therein. When evidence is not offered for the purpose of proving the truth of a writing's contents, but for the purpose of impeaching a witness, the rule is not applicable. Wharton's Criminal Evidence § 533 (13th ed. 1973). In the instant case, the state was not attempting to prove the truth of the statements contained in the letter, that is, that defendant was enrolled in a special class that met on the evening in question. On the contrary, the state's theory of the case was that defendant made his escape by presenting a letter which contained the falsehood that defendant was enrolled in the special class. The state used the testimony about the letter to impeach defendant's claim that he was in an amnesic state during the time he left the center and thus could not have the requisite intent to commit the crime of simple escape. Hence, the best evidence rule is not applicable here.
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in defining reasonable doubt in his charge to the jury. He argues that the definition improperly included a phrase that the doubt must be such as would "give rise to a grave uncertainty."
There is no merit to this contention. This court has repeatedly held that a jury charge must be considered as a whole and has declined to reverse a conviction on the ground of an erroneous instruction unless the disputed portion, when viewed in light of the entire charge, is erroneous and prejudicial. State v. Dupre, 369 So.2d 1303 (La.1979). Here, the charge on reasonable doubt, when considered in its entirety, was neither erroneous not prejudicial.
Defendant also contends the trial judge erred in his charge to the jury on intent. He argues that the charge contains a prohibited presumption. The record contains no objection by defendant at the time the charge was given. This court has consistently held that, absent a contemporaneous objection, a defendant may not on appeal complain of the trial judge's charge to the jury. State v. Mitchell, 319 So.2d 357 (La.1975). Hence, the alleged error is not before us for review. In any event, there is no merit to defendant's contention as the trial judge's charge on intent does not contain a prohibited presumption.
In sum, Assignment of Error No. 6 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, C. J., and LEMMON, J., specially concur.
CALOGERO, J., concurs and assigns reasons.
DENNIS, J., dissents with reasons.
*430 CALOGERO, Justice, concurring.
I concur in the result reached by the majority. In assignment of error number three, defendant contends that the trial judge erred in permitting the district attorney to ask defendant's mother the following question:
"He [defendant] didn't tell you that he had hit a guard over the head and escaped?"
Defense counsel objected to the question on the grounds that the question assumed a fact not proven. (There is no evidence in the record that defendant accomplished his escape by striking a guard. To the contrary, the evidence indicated that the defendant simply walked off while unattended at school.) The trial court overruled this objection and the majority affirms that ruling for the reason that the question was not improper cross-examination of a witness.
For this narrow reason, and because of the stated grounds for the objection, I concur in the Court determination and affirmance of the conviction. I do believe, however, that the question was improper, not because it assumed a fact not in evidence, but because the district attorney referred to another crime (contra La.C.Cr.P. art. 770).[*]
DENNIS, Justice, dissenting in part.
I respectfully dissent in part.
La.R.S. 14:110(A) provides that a "person who is participating in a work release program as defined in Paragraph (2) hereof and who commits the crime of simple escape shall be imprisoned with or without hard labor for not less than six months nor more than one year and any such sentence shall not run concurrently with any other sentence." The sentence of three and one-half years at hard labor imposed by the trial judge, therefore, appears to be illegal and excessive. Furthermore, the majority's statement that the best evidence rule applies only to written documents offered for the truth of the matter asserted therein is questionable.
NOTES
[1] Assignment of Error No. 5 was neither briefed nor argued. We therefore consider this assignment of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[*] Under C.Cr.P. art. 770 a reference to another crime alleged to have been committed by the defendant mandates a mistrial where the evidence is not otherwise admissible.