GAUDIN, Judge.
Appellant is Harlos E. Nolen, contending that his workmen’s compensation suit against Union Carbide Corporation was wrongfully dismissed.
Nolen argues that the trial judge erred:
(1)In concluding that he (Nolen) lacked credibility;
(2) In admitting into evidence testimony related to Nolen’s firing by Union Carbide;
(3) In admitting into evidence photographs and movies without a proper foundation; and
(4) In permitting a medical expert witness to testify beyond his expertise.
A review of the record does not indicate that the district court judgment was manifestly erroneous, and we affirm it.
THE ALLEGED INJURY
Nolen’s petition states that he sustained a herniated disc on March 4, 1979. However, he said, he was not aware of this injury until November of 1980, which was after he was fired on September 15, 1980, for insubordination.
Dr. George Gazardo, Union Carbide’s plant medical director, testified that Nolen “. . . had a series of back problems that originated in 1969.” Dr. Gazardo examined Nolen on March 9,1979, following an explosion that occurred on March 4th in which Nolen “.. . was knocked off his feet on to a pipe rack.”
Dr. Gazardo said that Nolen:
"... had full range motion of his right shoulder, the left shoulder and the neck only a slight pain with a full range of motion of the neck, and no swelling or tenderness of the right knee. On the left knee there was a scar from previous surgery there. It seemed fine. His hips and back seemed to have no change. He was very overweight. He had minor contusions and muscle strain. We gave him a hearing test, at that time. There was a slight change since his 1978 examination. I then recommended that he begin to lose some weight, apply heat to the areas, and use Tylenol for pain.
“In my opinion, he showed no signs or complaints at that time constant with a ruptured disc.”
Following the March 9th visit, Nolen did not return to Dr. Gazardo for subsequent treatment.
*304 The deposition of Dr. Edward S. Connolly, a neurological surgeon, was stipulated into evidence. This physician saw Nolen in November, 1979, at Ochsner Hospital. According to Dr. Connolly, Nolen said that he “... had no trouble with his back until about four or five days ago when he picked up an object while bending over.”
Nolen did not mention that he worked at Union Carbide or that his symptoms were related to his employment, Dr. Connolly said.
Dr. Connolly testified that Nolen was suffering from a ruptured disc but that “... it would be very difficult to relate ...” the November, 1979, complaints to the March 4, 1979, incident.
TRIAL COURT JUDGMENT
The trial was held on June 3, 1982; and on June 24, 1982, judgment was rendered against Nolen.
In his “Opinion”, the trial judge wrote:
“I just can’t believe the plaintiff ...”
All claims against defendant Union Carbide were dismissed.
CREDIBILITY ISSUE
Appellant’s major assignment of error concerns credibility. We see no reason to itemize the various contradictions in the record; it suffices to say that there was sufficient disparity to form a reasonable basis for the trial judge’s conclusion that Nolen’s testimony couldn’t be believed and that he was neither permanently nor partially disabled as a consequence of the sued-on March 4, 1979, accident.
In a workmen’s compensation case, we cannot alter the trial judge’s findings unless manifestly erroneous. See Zimmerman v. United Machinery Corporation, 208 So.2d 336 (La.App. 4th Cir.1968), in which the court stated:
“Under the circumstances reflected by this record, it cannot be said that the trial court was guilty of manifest error in its factual determinations and evaluations of the credibility of the witnesses. Accordingly, the judgment should not be disturbed upon review ...”
Here, appellant would have us determine that his testimony was accurate and the various witnesses who gave contrary statements were in error. The trial judge was not impressed with Nolen’s veracity or the medical facts necessary to establish a correlation between the March 4, 1979, accident and Nolen’s November, 1980, ruptured disc, and the record is devoid of substance indicating that the district court judgment was clearly wrong.
EVIDENTIARY RULINGS
Appellant’s other assignments of error concern the trial judge’s evidentiary rulings.
Testimony relating to Nolen’s firing was admitted. Appellant testified that he was discharged because of his union activities, while other witnesses said that he abused his supervisor. While the relevancy of this testimony is perhaps questionable, the admission was within the trial judge’s discretion.
Nolen also contends that photographs and movies were placed in evidence without a proper foundation. However, the record shows that Rodney DeJung took the photographs and movies in the presence of a special investigator, Mike Tamberella, and both DeJung and Tamberella testified at the trial and identified the photographs and film. These admissions were proper.
This evidence was particularly damaging to appellant inasmuch as he is shown engaging in physical endeavors at a time he claimed to be disabled.
Appellant further questions a ruling made while Dr. Gazardo was on the witness stand. The physician was asked if on March 9,1979, Nolen exhibited any signs or symptoms of a ruptured disc, and an objection was made by plaintiff’s counsel because Dr. Gazardo had been qualified only in the field of general medicine and not in any specialized field.
The trial judge apparently thought the question’s subject matter was within *305 Dr. Gazardo’s expertise and the doctor was directed to respond. This ruling was within the judge’s discretion, and there was no suggestion anywhere else in the record that the proposed question and Dr. Gazardo’s answer were not within the medical know-how of a general practitioner.
No doubt Dr. Gazardo felt qualified to answer the question, and he did.
Generally, the trial judge is granted a great deal of discretion in assessing the probative value of evidence, and his judgments are not disturbed unless manifestly erroneous. See City of Baton Rouge v. Tullier, 401 So.2d 422 (La.App. 1st Cir.1981), and many other cases with similar holdings.
Even in criminal proceedings before a jury, the trial judge is given wide latitude. The Supreme Court of Louisiana, in State v. Stramiello, 392 So.2d 425 (La.1980), stated:
“A trial judge’s determination regarding the relevancy of offered testimony is entitled to great weight and should not be overturned absent a clear abuse of discretion.”
Here, there was no misuse of discretion in the three complained-of rulings.
CONCLUSION
We affirm the district court judgment dismissing Harlos E. Nolen’s workmen’s compensation suit.
AFFIRMED.
GRISBAUM, J., concurs with written reasons.