YELVERTON, Judge.
Defendant, Leon Price, was charged with simple burglary, to which he entered the combined pleas of not guilty and not guilty by reason of insanity. A jury rendered a responsive verdict of guilty of attempted simple burglary. Thereafter the State filed a bill charging defendant as a multiple offender. The present conviction of attempted simple burglary was one of the convictions on which the multiple bill was based. After a hearing defendant was sentenced as a multiple offender and given 10 years at hard labor in the custody of the Department of Corrections.
Defendant appeals both the conviction of attempted simple burglary and the sentence, assigning a single error as to each.

The Conviction Assignment of Error

Defendant contends that the trial court committed reversible error in sustaining the State’s objection to certain evidence offered in support of his defense of insanity at the time of the offense. Defendant *110 himself took the stand and testified that on the night of the attempted simple burglary-something “swooped” over him and that he had no recollection of what happened. He called his wife as a witness who testified to his bizarre behavior on the evening preceding his arrest. He also called his mother as a witness who likewise testified as to his bizarre behavior on the day of the crime as well as his mental condition for a period of five years preceding the date of the offense.
It was while his mother was testifying that the question was asked to which the State's objection was sustained. Defendant’s mother was asked whether as a child defendant did acts to indicate that something was wrong with him. The ruling on the objection to this question is the basis for this assignment of error. Defendant contends the question was relevant and that the exclusion of the evidence was a denial of his right to put on a defense.
LSA-R.S. 15:435 provides:
“The evidence must be relevant to the material issue.”
In this case the contested proposition was whether defendant was insane at the time of the offense. The evidence proffered was whether defendant “as a child” did “acts to indicate that something was wrong with him.” Defendant was 26 years old at the time of the offense; the time span between his childhood and the crime date had to be something like 15 or 20 years. Whether as a child defendant did acts that indicated something was wrong with him is an inquiry only remotely connected to his ability to tell right from wrong at the time of the offense. Nevertheless, the question was logically relevant. However, its vagueness, its uncertainty as to time, and its remoteness in time combined to attenuate its probative value to the point that the evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay or waste of time. These are legitimate considerations in the administration of justice. See State v. Ludwig, 423 So.2d 1073 (La.1982). A trial judge’s determination regarding the relevancy of offered testimony is entitled to great weight and should not be overturned absent a clear abuse of discretion. State v. Stramiello, 392 So.2d 425 (La.1980). We find no abuse of the trial court’s wide discretion in excluding this testimony.
Except as to that one question, no restrictions were imposed on defendant’s presentation of his insanity defense. His wife and mother were permitted to explain his behavior on the night of the offense and his conduct on previous occasions. As mentioned earlier, his mother was permitted to state that he had been under the care of a psychiatrist for five years and defendant himself testified that he had been treated by a psychiatrist. Although defendant had the burden of proof as to the issue of insanity he did not call a medical expert. Unlike the case of State v. Hamilton, 441 So.2d 1192 (La.1983), defendant was not deprived of the right to present his defense of insanity.
This assignment of error has no merit. The conviction is affirmed.

The Sentencing Assignment of Error

This assignment of error is the claimed excessiveness of the 10 year sentence. Defendant was charged and sentenced as a third offender under LSA-R.S. 15:529.1. The permissible range of sentencing for attempted simple burglary thus was a minimum of three years and a maximum of 12 years. The trial court imposed 10 years. The trial court had the benefit of a presentence investigation report which was considered along with the arguments presented on defendant’s behalf at the sentencing hearing. It is apparent that the trial judge gave considerable thought to the sentence imposed inasmuch as he had conferences with the defendant’s minister and his stepfather during the days before the sentence. He complied with the sentencing guidelines of La.C.Cr.P. Art. 894.1. It is evident that he considered the mitigating factors of defendant’s age and family responsibilities. He explained, however, that he was unfavorably impressed by the *111 defendant's criminal record and his demonstrated unreliability when given probation status on prior occasions. The trial court noted that defendant’s record was not limited to three felony convictions and that he could have been charged as a fourth offender and sent away for life. Under these circumstances we find no manifest abuse of the trial judge’s wide sentencing discretion. Accordingly, we do not find defendant’s sentence excessive. The sentence is affirmed.
CONVICTION AND SENTENCE AFFIRMED.
FORET, J., dissents and assigns written reasons.