CULPEPPER, Judge Pro Tem.
This is a companion case to State v. Anderson, 524 So.2d 1253 (La.App. 3d Cir.1988) in which a separate opinion is rendered this date.
On March 12, 1986, while on a routine patrol, Danny Fontenot of the Ville Platte Police Department observed two black males on his property entering a camper trailer in his yard. Officer Fontenot alerted the Evangline Parish Sheriff’s Department and Deputy Dale Soileau was dispatched to the scene. Officer Fontenot and Deputy Soileau apprehended the defendants, Leland Wilson and Patrick Anderson, on Officer Fontenot’s property. The defendants were subsequently charged by bills of information with simple burglary, a violation of LSA-R.S. 14:62. Defendants were tried by a jury of six persons and found guilty as charged. The trial court sentenced each defendant to serve three years at hard labor. The defendants have appealed and assert the following assignments of error on appeal:
1) The trial court erred in allowing the State to peremptorily challenge prospective juror Lou Hilda Wilson solely because she is a member of the Negro race;
2) the trial court erred in allowing the State to peremptorily challenge prospective juror Eura Dean Maxwell solely because she is a member of the Negro race;
3) the trial court erred in allowing the State to mention that the defendant did not put on any evidence; and
4) the trial court erred in refusing to allow the defense to introduce evidence that would have discredited the testimony of Dale Soileau.
*1252 ASSIGNMENTS OF ERROR 1 and 2.
Defendants contend by these assignments of error that their constitutional rights under the Sixth and Fourteenth Amendments were violated because the trial court allowed the State to peremptorily challenge two black jury veniremen.
The Equal Protection Clause guarantees that the State will not exclude members of defendant’s race from his jury on account of race, or on the false assumption that members of his race are not qualified to serve as jurors. Selection procedures that purposely exclude black persons from juries undermine public confidence in our system of justice. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
Although a prosecutor is ordinarily entitled to use his peremptory challenges for any reason, the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable to impartially consider the State’s case against a black defendant. Id.
It is, however, incumbent upon the defendant to raise a timely objection to the allegedly impermissible exclusion of jury veniremen through the use of peremptory challenges. Batson, 106 S.Ct. at 1724. The defendant in this case failed to object to the exclusion of blacks from the jury at any time during the proceedings below. LSA-C.Cr.P. art. 841 states that: “An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.” The Louisiana Supreme Court has applied the rule of contemporaneous objection to irregularities occurring during the selection of a jury in State v. Bazile, 386 So.2d 349 (La.1980) and State v. Spencer, 446 So.2d 1197 (La.1984). We therefore hold that the defendants have waived any objection to the allegedly improper exclusion of blacks from the jury by failing to object at the time the jury was selected. This error may not be raised for the first time on appeal.
These assignments of error are without merit]
ASSIGNMENT OF ERROR 3.
By this assignment of error, the defendants contend that the trial court erred in failing to declare a mistrial, under LSA-C. Cr.P. art. 770(3), when during closing argument, the prosecutor allegedly alluded to the failure of defendant to testify. During closing argument the prosecutor said: “Number 2 we have to prove that they have the intent to commit a theft. That’s exactly what they were there for. Can you say they were there because ten (10) dobermans were chasing them? No, you didn’t hear anything about dobermans, did you?”
LSA-C.Cr.P. art. 770 provides the grounds for mandatory mistrial. Article 770 states:
“Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
$ He * * * *
“3) The failure of the defendant to testify in his own defense; or
******
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.”
Defendants failed to move for a mistrial as required by this article. The defendants therefore waived his right to raise this issue on appeal. LSA-C.Cr.P. art. 770; LSA-C.Cr.P. art. 841.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 4.
By this assignment of error the defendants contend that the trial court erred in failing to allow the defendants to introduce evidence which would allegedly discredit state witness Dale Soileau. The defendants wanted to offer the sheriff’s department personnel records of the officer to show that there was some complaint made against him in his handling of another burglary case in 1984.
The trial judge conducted an examination of the personnel records in his chambers *1253 and found them to be irrelevant and therefore inadmissible. The defendant objected and preserved his right to raise this issue on appeal.
LSA-R.S. 15:486 states that each side has the right to impeach the testimony and the credibility of every witness sworn on behalf of the other side.
LSA-R.S. 15:490 states that the credibility of a witness may be attacked generally, by showing that his general reputation for truth or moral character is bad, or it may be attacked insofar as his credibility in the case on trial is concerned. This attack, however, cannot be expanded to include testimony concerning particular acts, vices or courses of conduct. State v. Trosclair, 443 So.2d 1098 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Chaisson, 425 So.2d 745 (La.1983); State v. Paul, 439 So.2d 610 (La.App. 1st Cir.1983).
In Trosclair the defendant sought to impeach the witness through the use of testimony concerning prior rulings of the Racing Commission. The defendant asked, “have you ever been thrown off a major race track for ...” The Louisiana Supreme Court ruled that the lower court properly sustained the State’s objection to the admission of evidence concerning specific acts of misconduct which are inadmissible for impeachment purposes.
In State v. Winston, 343 So.2d 171 (La.1977), a prosecution for distribution of heroin, the trial court refused to permit, for impeachment purposes, the cross-examination of the former head of the narcotics division concerning a newspaper article indicating that the sheriff had criticized the manner in which he had managed some narcotics cases. The court found that (1) the source of the impeachment was hearsay, inadmissible under any exception to the hearsay rule, and (2) the testimony did not relate to the case in question.
In the instant case the excluded evidence related to specific acts of misconduct and was not properly admissible to impeach the witness.
This assignment of error is without merit.
Accordingly, the defendants’ convictions and sentences are hereby affirmed.
AFFIRMED.