ARMSTRONG, Judge.
The defendant, Terry Jackson, was charged with and convicted of a violation of LSA-R.S. 14:30.1 relative to the offense of second degree murder. He was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
The record reflects that on November 28, 1985, Albert Jiles and his stepbrother, Freddie Williams, recognized a female friend of theirs, Reeshasman Cox, standing across the street from them at the comer of Bourbon and St. Ann Streets. She was with her boyfriend, the defendant, her younger brother and sister and her girlfriend. Jiles went over and put his arm around her. The defendant, who did not know Jiles, pushed him away from her. Jiles was about to start a fight with the defendant, but was stopped by Williams.
The defendant, his girlfriend and the others in their group then left and began walking down Bourbon Street. Jiles and Williams stayed to talk to a friend of Jiles, Robert Stacy, who approached them on a bicycle. Stacy invited them to come with him to a party at his house. About fifteen minutes after the defendant, his girlfriend and the others had left, Jiles, Williams and Stacy also departed to go to Stacy’s party. Jiles rode Stacy’s ten-speed bike while Williams and Stacy walked behind him. As they approached Dauphine Street, the defendant appeared from behind a parked car and shot and killed Jiles. The defendant testified that Jiles was following him armed with a gun and that his shooting of Jiles was in self-defense.
A review of the record reflects that there are no errors patent.
On appeal the defendant relies on four assignments of error, one of which is argued by defense counsel, the others by the defendant pro se.
Assignment of Error No. 1
By this assignment of error, the defendant asserts that insufficient evidence exists to support his second degree murder conviction because the state did not prove beyond a reasonable doubt that the homicide was not justified. He contends that *598 the homicide was committed in self-defense.
A homicide is justified under LSA R.S. 14:20:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger ...
“The relevant inquiry on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the homicide was not committed in self-defense.” State v. Brown, 414 So.2d 726, 728 (La.1982).
While riding the bicycle, all the witnesses for both the State and defense, except the defendant, testified that both of Jiles’ hands were on the handlebars of Stacy’s bike. No gun was found at the scene of the crime.
The defendant’s girlfriend, her younger brother and sister and her girlfriend testified that they saw Jiles take a gun outside the pocket of his jacket and that, after Jiles’ initial encounter with the defendant, in which Jiles put his arm around the defendant’s girlfriend, Jiles began to follow them and the defendant. The defendant testified that Jiles held the gun in one hand and the handlebars of the bike with the other and approached him on the bike. The defendant allegedly warned Jiles to go away, but Jiles continued to approach him, at which time the defendant shot him.
In the instant case the jury, after hearing the conflicting testimony obviously found the testimony of Williams and Stacy, that Jiles was unarmed and did not follow or threaten the defendant, more credible. Considering the evidence presented in the light most favorable to the prosecution, a rational trier of fact could find that the murder was not committed in self-defense.
It is not the function of a reviewing court to assess credibility or to reweigh the evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986). In an appellate review for minimal constitutional sufficiency of the evidence, the reviewing court is limited to an evaluation of the rational trier of fact/reasonable doubt standard of Jackson v. Virginia 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We find that the jury’s verdict meets this standard.
Assignment of Error No. 2
By this assignment of error, the defendant contends that the trial court erred in allowing the State to cross-examine him regarding details of a prior conviction. The defendant maintains that the prosecutor was attacking his general credibility and that State v. Paul, 439 So.2d 610 (La. App. 1st Cir.1983), stands for the proposition that one cannot go into particular acts, vices or courses of conduct in attacking general credibility. The prosecutor is limited to evidence concerning general reputation. In addition the defendant maintains that the jury must have known, either by the questioning or an inference, that the State had knowledge of the defendant’s prior criminal conviction. During the prosecutor’s examination of the defendant the following occurred.
Examination by the State:
Q Is that the first time you ever carried a gun?
A Yes.
Q You never carried a gun before?
A I never carried a gun before.
Q Did you ever have a gun in your possession while you were walking—
A Yes, I—
Q Around with kids?
A Ño, I haven’t. No.
Q You never carried a gun on Orleans Avenue before?
A No.
A You ever fired a gun in public before?
A Yes.
By Defense Counsel:
Objection, your Honor. This is going into—
By the State:
Your Honor, he’s talking about how dangerous it is to carry a gun. I just want to see if he knows how dangerous it is.
By the Court:
Objection sustained.
The prosecutor then discontinued this line of questioning.
*599 The defendant’s argument is without merit. In his questioning the prosecutor did not mention, either expressly or obliquely, that the defendant had a prior conviction. The defendant denied carrying a gun previously and the defense attorney’s objection to the prosecutor’s question, whether the defendant fired a firearm in public before was sustained by the judge. The details of the prior convictions, if any, were not revealed under questioning by the prosecutor.
Assignment of Error No. 3
By this assignment of error, the defendant contends that the trial court erred in refusing to allow the defendant copies of the arrest and conviction records of the victim. The defendant is not entitled to be provided with this information. In State v. Hooks, 421 So.2d 880, 884 (La.1982), the court stated “The defense has no statutory right to request the provision of such information from the State even for impeachment of the witness’ credibility.”
The defendant argues that this information was necessary to corroborate his defense of justification or self-defense because it would have revealed the victim’s prior incidences of violent behavior. The defendant maintains that the victim committed an overt act in pursuing him with a gun. However, LSA-R.S. 15:482 provides:
In the absence of evidence of hostile demonstration or an overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.
The defendant insists that four defense witnesses testified that the victim possessed a gun, however the State’s witnesses contradicted this testimony. The defendant relies on State v. Scalia, 488 So.2d 1179 (La.App. 2nd Cir.1986), in arguing that where an appreciable amount of evidence exists to show that the victim committed an overt act, then testimony concerning the victim’s general reputation is admissible.
Here, the jury chose to believe the witnesses who testified that the victim was not the aggressor, had both hands on the handlebars of his bicycle when he was shot, and did not possess or reveal any weapon to the defendant. Accordingly, because of the lack of proof of an overt or hostile act on the part of the victim, evidence of the victim’s prior crimes would not be admissible under R.S. 15:482.
This assignment is without merit.
Assignment of Error No. 4
By this assignment of error, defendant contends that his counsel was ineffective by failing to cross examine thoroughly an eye-witness to this event, Mr. George Hannum. Mr. Hannum testified that he had an unobstructed view of this crime and that the victim had both hands on his handlebars before being shot by the defendant.
The defendant maintains that his counsel did not vigorously attack what he described to be unreliable testimony by Mr. Hannum. The defendant attached a copy of a diagram to his supplemental brief which allegedly shows that Mr. Hannun could not have observed this crime. Mr. Hannun on several occasions during his testimony, stated that he had an unobstructed view of these incidents and watched as the victim, with both hands on the handlebars, was shot by the defendant. Considering this witness’ strong statements it does not appear that trial counsel was ineffective for failing to cross-examine this witness more strenuously-
This assignment of error lacks merit.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.